CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 0 9 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| ALEX LUMA, | ) | Civil Action No. 7:07cv000 68 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Samuel G. Wilson |
| Respondent. | ) | United States District Judge |

This is an action by Alex Luma, appearing pro se, for an injunction preventing his deportation by Immigration and Customs Enforcement ("ICE") following his release from prison for drug trafficking. The court finds that Luma's motion is premature because Luma is not in the custody of ICE since ICE has not issued a charge or order of removal, but rather has only lodged a detainer against him. Moreover, the court lacks jurisdiction to hear this claim and does not transfer it to the appropriate U.S. Court of Appeals because his claim is not yet ripe. Accordingly, the court dismisses Luma's motion.

### I.

On March 31, 2003, Luma pled guilty to conspiring to distribute fifty (50) grams or more of a substance containing cocaine, in violation of 21 U.S.C. § 846, and the court sentenced him to 108 months incarceration. It also ordered pursuant to 18 U.S.C. § 3583(d) that "the defendant shall be delivered to an authorized immigration official for deportation proceedings". Later, after the United States moved to reduce his sentence based on Luma's substantial assistance, the court reduced his sentence to sixty (60) months. Luma is currently incarcerated at McRae Correctional Institution, in McRae, Georgia and set to be released on March 11, 2007. Luma is a native and citizen of the United Kingdom, in its island territory of Turks and Caicos. Luma filed the instant action requesting this court to "stop or suspend [his] removal proceedings," arguing that his removal would violate the Convention

Dockets.Justia.com

Against Torture because it would subject him to bodily injury or death because of his cooperation and assistance in the government's narcotics trafficking investigation. Yesterday, the court held a teleconference with Luma and counsel for the United States to clarify the status of his removal proceeding and detainer. Luma conceded that there is currently no charge or order of removal against him by ICE and that he has not yet had a removal hearing in the immigration court. Rather, ICE has only lodged a detainer against Luma with the U.S. Bureau of Prisons ("BOP"), requesting that BOP turn him over to ICE upon his release, in order for ICE to investigate whether he is subject to removal under the United States immigration laws.[1]

## II.

Luma seeks to proceed under the court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1334. The existence of federal question jurisdiction under those sections in the District Court to enjoin his removal, is at best questionable in light of Congress' passage the Real ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231. The same would also be true of a petition pursuant to 28 U.S.C. § 2241.[2] However, the court finds it unnecessary to enter that legal thicket because, at this juncture with only a detainer having been filed, and no immediate, concrete threat of removal, his claim is purely hypothetical, and federal courts do not have jurisdiction to hear purely hypothetical claims.[3] For similar

---

[1] Typically, in such a case, once a criminal defendant is released from the custody of the BOP, the immigration court will hold a hearing to determine if the defendant is subject to removal. If found to be subject to removal, the defendant would then be able to ask the immigration court for any relief permitted him by the U.S. Immigration laws. Any decision made by the immigration court is subject to review by appeal to the Board of Immigration Appeals. Finally, pursuant to 8 U.S.C. § 1252 (b)(2), the defendant may seek review of the order by the U.S. Court of Appeals for the judicial circuit in which the immigration judge completed the proceeding.

[2] If removal proceedings are, in fact, brought, Luma could preserve his constitutional and Convention based challenges and raise them in "a petition for review filed with an appropriate court of appeals in accordance with [8 U.S.C. § 1252(a)(2)(d) (2005)]." See Jordon v. Attorney General, 424 F.3d 320, 326-27 (3d Cir. 2005).

[3] The issue Luma raises is not ripe, and it may never arise. It is at best a potential controversy. At this juncture, therefore, the court would have no jurisdiction over it, even if it were otherwise the appropriate court to hear the issue:

reasons, a petition pursuant to 28 U.S.C. § 2241 would be premature. It would also be premature because Luma is not in ICE's custody, a prerequisite to any challenge under that section.[4] Accordingly, the court lacks jurisdiction over Luma's claim.

III.

For the reasons stated, the court dismisses Luma's motion for lack of jurisdiction.

The clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to the petitioner.

**ENTER:** This 9th day of February, 2007.

_____

United States District Judge

---

[t]he Constitution limits Federal Court jurisdiction to "cases" and "controversies," U. S. Const. Article III, §2, and the federal courts or the was prevented from issuing opinions on abstract or hypothetical questions are from giving advisory opinions. When a controversy has yet to arise, but my lies in the future, the court may not issue an opinion on the potential controversy because that controversy is not yet "ripe" for adjudication

Jackson v. Jackson, 857 F.2d 951, 956 n. 1 (4th Cir. 1988).

[4] Federal courts have jurisdiction to entertain an application for habeas relief only if a petitioner is "in custody," pursuant to the challenged judgment, in violation of the Constitution or laws or treaties of the United States. Maleng v. Cook, 490 U.S. 488, 490-91 (1989); 28 U.S.C. § 2241(c). An alien who is confined pursuant to a criminal conviction is not in ICE custody simply because ICE has lodged a detainer against him with the prison where he is incarcerated. See Garcia-Echaverria v. United States, 376 F.3d 507, 510-11 (6th Cir. 2004); Zolicoffer v. United States Dep't of Justice, 315 F.3d 538, 540-41 (5th Cir. 2003); Galaviz-Medina v. Wooten, 27 F.3d 487, 493 (10th Cir. 1994); Orozco v. INS, 911 F.2d 539, 541 (11th Cir. 1990); Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988). The underlying rationale of most courts which have considered this issue is that a detainer, as distinguished from other ICE orders, does not put a "hold" on the alien. Galaviz-Medina v. Wooten, 27 F.3d 487, 493 (10th Cir. 1994). Rather, an ICE detainer usually serves only as a notice to federal prison authorities that the ICE is going to be making a decision about the deportability of the alien in the future. The reasoning follows that the detainer does not serve to establish conclusively either present or future restraints on his liberty. Id. Because there is no actual claim to the alien following the completion of his criminal sentence, there is no custody. Id. In this case, ICE has not made a decision regarding Luma's removal; rather there is only a detainer lodged against him so that upon his release from the BOP, ICE can determine his removal status at a hearing before the immigration court. If ICE had issued an order of removal against Luma, his claim in this court would still fail because this court does not have jurisdiction to hear petitions challenging orders of removal. The Real ID Act states that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter . . ." 8 U.S.C. § 1252(a)(5). The appropriate court of appeals is that which is located in the judicial circuit in which the immigration judge completed the proceedings. Id. at §1252(b). See Jahed v. Acri, 468 F.3d 230, 233 (4th Cir. 2006).